Reese, J.
delivered the opinion of the court.
The prisoner was indicted and convicted in the circuit court of Cannon county, under the act of 1829, c 23, § 55, for a felony, in unlawfully and maliciously stabbing one John N. Tucker. A motion for a new trial was made by the prisoner, which was overruled, and he was adjudged to confinement in the penitentiary, and he has prosecuted his appeal to this court.
Upon the record or in the argument it is assigned for error, 1st, that one of the jury was not a freeholder or householder in the county of the trial. 'The juror had in the usual manner verified his qualifications, and was accepted by the prisoner. After the jury had been all sworn, but before any evidence had been heard by them, the record shows that the attorney for the state suggested to the court the want of qualification-on the part of the juror, and moved that another should besubstituted, to which the prisoner by his counsel objected. Clearly, therefore, he cannot urge as error the sitting of that juror upon his trial.
2d. On the application of the attorney for the state, a gentleman who appeared in the cause as assistant counsel was-permitled by the court to conclude the argument on behalf of the government. The regulation of that matter properly belonged to the circuit court. The discretion which the judge of that court had, we have no reason to suppose was indiscreetly exercised, and its exercise in the mode mentioned was, we take no ground of error before us.
3d. It is said, that the jury retired to consider of their verdict into a room of the building in which the court was held, unaccompanied by an officer. It does not appear that an officer was necessary, that the jury improperly separated, or that any communication of any sort was had with them by persons not of their body — so that there is no error in this.
4th. It is assigned in argument for error, that the indict *531 ment describing the offence or injury done to the person of Tucker, by the term “stab,” as used in the statute, and does not describe the injury inflicted by the term “cut” or “wound,” so as to show that the skin was broken or penetrated by the weapon. But we think that the word “stab,” by its own proper force and meaning, imports a breaking and penetration of the skin, as distinctly as would the word “cut,” and more distinctly than would the. word “wound,” and is peculiarly, if not exclusively, appropriated to describe the injury inflicted by thrusting with a sharp pointed instrument. Thus in McDermott’s case, Russ. & Ry. 356, where the prisoner was indicted under 43 George III, for sticking and cutting with a bayonet, and the surgeon stated that the wound was a punctured triangular one, the prisoner being convicted, the judges, in a case reserved, were of opinion, that as the statute used the words in the alternative, “stab” or “cut,” so as to distinguish between them, the distinction must be attended to in the indictment, and they held the conviction wrong. Jrlere the error was, that the word “stab,” appropriated to describe the character of the wound in question, was not used in the indictment, rather than the word cut, which was used. In murder the practice is, for reasons obviously connected with the mortal character of the injury, to describe the nature and extent of the wound. But under our statute of stabbing no such practice is necessary, or indeed perhaps proper. Let the judgment be affirmed.
- Judgment affirmed.